## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

RHEA DRUGSTORE, INC.,                                      PLAINTIFF
individually and on behalf
of all others similarly situated

v.                              No. 4:15-cv-54-DPM

PRODIGY DIABETES CARE, LLC                                 DEFENDANT

### ORDER

1. When it filed its complaint five months ago, Rhea Drugstore moved

to certify a class, but stay any briefing ruling pending discovery. This was a

hedge. The drugstore is following the Seventh Circuit's suggestion in *Damasco*

*v. Clearwire Corp.*, 662 F.3d 891, 896 (2011), about how to avoid any mootness

question if Prodigy Diabetes Care, LLC, offers to make this drugstore whole

for the unsolicited fax, which didn't contain the statutorily required opt-out

notice. The Court admires counsel's caution and creativity. But the motion to

certify is denied without prejudice. We'll handle any mootness issue, if and

when it comes. *See, e.g., Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th

Cir. 1996). The Court declines to let the motion hang fire; it's been five months

since it was filed, for example, and the parties have suggested doing the real

certification briefing starting in October. That would put resolution of the

motion about a year after filing. This is just too long a delay.

2. Prodigy asks the Court to stay the whole case, pointing to its pending FCC petition seeking retroactive waiver of the rules requiring an opt-out notice on *solicited* faxes. This motion is denied too. Rhea Drugstore didn't get a solicited fax; it got an unsolicited fax. The complaint is clear about that fact. № 1 at 3. The drugstore wasn't injured by any solicited fax from Prodigy. And it therefore has no standing to pursue any claim—for itself or others—about the contents of any solicited fax. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992); *Goff v. Nix*, 113 F.3d 887, 890 (8th Cir. 1997). Put in terms of Rule 23, Rhea Drugstore didn't suffer the same injury as someone who got an imperfect solicited fax, and therefore the drugstore can't represent those who did. *Alpern*, 84 F.3d at 1539.

\* \* \*

Rhea Drugstore's motion for class certification, № 2, is denied without prejudice. Prodigy's motion to stay based on its FCC petition, № 15, is denied. The case will proceed on a claim, and as potential class action, about the contents of unsolicited faxes. A Final Scheduling Order will issue.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_14 May 2015_